UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STUART SANDWEISS *et al.*,

       Plaintiffs,

v.

SPIRIT AIRLINES, INC.,

       Defendant.
_____/

Case No. 16-cv-12114
Hon. Matthew F. Leitman

## ORDER RESOLVING PENDING MOTIONS AND SETTING SUPPLEMENTAL BRIEFING SCHEDULE WITH RESPECT TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (ECF #13)

On June 3, 2016, Plaintiff Stuart Sandweiss ("Sandweiss") and his wife Valerie (collectively, the "Sandweisses") filed a putative class action against Defendant Spirit Airlines, Inc. ("Spirit") in the Wayne County Circuit Court. (*See* Complaint, ECF #1-1.) In their Complaint, the Sandweisses alleged that Spirit engaged in false advertising and breached agreements related to the sale and purchase of airline tickets in 2010 and 2016. (*See id.*) Sandweiss, a licensed attorney, appeared as co-counsel for himself and his wife; Brian Herschfus ("Herschfus") appeared as co-counsel. (*See id.*)

Spirit removed the action to this Court on June 9, 2016 pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"). (*See* ECF #1.) Under CAFA, the Court has subject-matter jurisdiction over a putative class action where there is diversity of citizenship and the amount in controversy exceeds $5,000,000. *See id.* One week later, Spirit filed a motion to dismiss the action on the merits (the "First Dismissal Motion"). (*See* ECF #3.)

On July 12, 2016, the Sandweisses filed a motion to remand this action to the Wayne County Circuit Court (the "Motion to Remand"). (*See* ECF #5.) In the Motion to Remand, the Sandweisses argued that the Court lacked subject-matter jurisdiction under CAFA because they were willing to stipulate that the total damages for the proposed class would not exceed $5,000,000. (*See id.* at Pg. ID 2.)

The Court scheduled a hearing on the Motion to Remand for September 29, 2016. When the parties appeared, they reached a settlement and placed the terms of the settlement on the record. (*See* 9/29/16 Hearing Tr., ECF #10.) The parties subsequently memorialized the terms of the settlement and signed a settlement agreement (*See* ECF #13-3.). Among other things, the settlement agreement required the Sandweisses to execute a stipulation for dismissal of this action with prejudice.

Sandweiss, in his capacity as counsel for the Sandweisses, declined to execute the stipulation. Sandweiss refused to do so because he believed that Spirit had not complied with other aspects of the parties' settlement. Spirit thereafter filed a "Motion to Dismiss Plaintiffs' Complaint or Alternatively Motion to Enforce Settlement Agreement" (the "Spirit Enforcement Motion"). (*See* ECF #13.) In the Spirit Enforcement Motion, Spirit sought dismissal of this action with prejudice and sanctions against both the Sandweisses personally and Sandweiss and Herschfus in their capacity as counsel. (*See id.*) The Sandweisses filed a counter-motion to enforce the settlement agreement on December 19, 2016, based on their understanding of the terms of the agreement (the "Sandweiss Enforcement Motion") (collectively with the Spirit Enforcement Motion, the "Enforcement Motions"). (*See* ECF #17.)

The Court held an on-the-record status conference with respect to the Enforcement Motions on February 27, 2017, and a hearing on the Enforcement Motions on March 8, 2017.

The parties agree that this action should be dismissed with prejudice. The only issue outstanding is whether the Court should sanction the Sandweisses and/or their counsel.

Before the Court can rule on that issue, it must first address the Motion to Remand and determine whether it has subject-matter jurisdiction over this action. The Court concludes that it does. The only ground upon which the Sandweisses claimed that the Court lacked subject-matter jurisdiction was their willingness to stipulate that they would not seek more than $5,000,000 in class damages. However, the Supreme Court held in *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345 (2013), that such a stipulation cannot defeat subject-matter jurisdiction under CAFA. The Court further agrees with Spirit's explanation as to how the amount in controversy exceeds $5,000,000. (*See* ECF #8 at 23-31, Pg. ID 210-218.) Thus, the Court is satisfied that it has subject-matter jurisdiction over this action. It therefore **DENIES** the Motion to Remand.

With respect to the Enforcement Motions, for the reasons stated on the record during the March 8, 2017, hearing, the Court currently believes that sanctions pursuant to 28 U.S.C. § 1927 are warranted against Sandweiss in his capacity as counsel for the Sandweisses.[1] The Court provisionally concludes that sanctions are appropriate due to Sandweiss' refusal to execute a signed stipulation dismissing this action with prejudice – a refusal that "unreasonably and vexatiously" multiplied these proceedings. 28 U.S.C. § 1927. However, as set forth below, the Court will

---

[1] The Court does not believe that sanctions are appropriate against the Sandweisses' co-counsel Mr. Herschfus.

provide Sandweiss the opportunity to explain why sanctions are not appropriate under 28 U.S.C. § 1927.

Accordingly, for the reasons stated above, and the reasons stated on the record at the March 8, 2017, hearing, **IT IS HEREBY ORDERED AS FOLLOWS:**

- The Motion to Remand (ECF #5) is **DENIED**;

- The Sandweiss Enforcement Motion (ECF #17) is **DENIED**;

- The Spirit Enforcement Motion (ECF #13) is **GRANTED** to the extent it seeks dismissal of this action with prejudice, is **DENIED** to the extent it seeks sanctions against Mr. Herschfus, Valarie Sandweiss, and Stuart Sandweiss in his personal capacity, and **IS CONTINUED FOR FURTHER PROCEEDINGS** with respect to Spirit's request for sanctions against Stuart Sandweiss in his capacity as counsel for the Sandweisses. Any such award of sanctions shall be limited to the reasonable attorney fees Spirit incurred in the preparation and filing of the Spirit Enforcement Motion (ECF #13); and

- The First Dismissal Motion (ECF #3) is **TERMINATED AS MOOT**.

**IT IS FURTHER ORDERED** that the parties shall submit supplemental briefs with respect to Spirit's request for sanctions against Stuart Sandweiss in his capacity as counsel for the Sandweisses pursuant to the following briefing schedule:

- Spirit shall submit its request for the attorney fees it expended related to the filing of the Enforcement Motion (ECF #13) supported by evidence and appropriate documentation by no later than March 31, 2017;

- Sandweiss may file a response to Sprit's filing by no later than May 1, 2017. Sandweiss' response may consist of two parts: (1) he may respond to the proofs offered in Spirit's submission and raise any objections to the reasonableness of the attorney fees claimed therein and (2) he may present legal argument as to why the Court should not award any sanctions under 28 U.S.C. § 1927; and

- Spirit may file a reply brief by no later than May 15, 2017.

**IT IS SO ORDERED**.

Dated: March 10, 2017

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

6

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2017, by electronic means and/or ordinary mail.

                          s/Holly A. Monda
                          Case Manager
                          (313) 234-5113